UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| DEBORAH MALIVUK, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>AMERIPARK, LLC,<br><br>    Defendant. | Civil Action No.<br>1:15-cv-02570-WSD |

**DEFENDANT'S RESPONSE TO PLAINTIFF'S "NOTICE
OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S
OPPOSITION TO DEFENDANT'S [SECOND] MOTION TO DISMISS"**

Defendant Ameripark, LLC files this response in opposition to Plaintiff's "Notice of Supplemental Authority In Support of Plaintiff's Opposition to Defendant's Motion to Dismiss." (Dkt. 18.) For the reasons set forth below, the Ninth Circuit's decision in *Oregon Rest. & Lodging Ass'n v. Perez*, No. 13-35765, 2016 WL 706678 (9th Cir. Feb. 23, 2016), does not alter the conclusion that Plaintiff's FLSA claims should be dismissed.[1]

---

[1] Plaintiff does not rely on *Oregon Rest.* in opposition to Defendant's motion to dismiss her state law claims.

Just as Plaintiff's initial response in opposition to Defendant's motion to dismiss Plaintiff's Amended Complaint attempted to muddy the waters, Plaintiff's notice of supplemental authority misstates the impact the Ninth Circuit's decision has on the FLSA claim plead in Plaintiff's Amended Complaint. Plaintiff claims *Oregon Rest.* rejects the "argument, which is the foundation of Defendant's Motion …." (Dkt. 18 at 2.) But Plaintiff's reliance on the new Ninth Circuit opinion fails for three reasons.

First, *Oregon Rest.* does not address or in any way undercut the primary basis for dismissal of Plaintiff's FLSA claims – the claims should be dismissed in light of the plain language of the statute and the law of this Circuit. The FLSA's remedial provisions apply *only* to claims which involve failure to pay minimum wage or to pay overtime, and Plaintiff's Amended Complaint asserts no such claims.[2] 29 U.S.C. §§ 206, 207(a)(1), 216(b); *Sec'y of Labor v. Labbe*, 319 F. App'x 761, 762-63 (11th Cir. 2008). As the Court explained in *Labbe*, "the requirements to state a claim of a FLSA violation are quite straightforward," and the "elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees." *Id.* Here, Plaintiff seeks to recover tips and never alleges Ameripark

---

[2] The parties here are not arguing about the level of detail necessary to plead an FLSA claim – Plaintiff simply has not plead an FLSA minimum wage or overtime violation.

2

failed to properly pay her the minimum wage or overtime. On this basis alone, her FLSA claim fails as a matter of law. *Id.*

Indeed, as explained in Defendant's original brief in support, the Fourth Circuit affirmed the Rule 12(b)(6) dismissal of a complaint seeking recovery of tips under nearly identical circumstances, finding the plaintiffs "never mentioned minimum wage" in their complaint "because that was not [their] problem," and "'the statutory language,' of the FLSA, including § 203(m), 'simply does not contemplate a claim for wages other than minimum or overtime wages.'" *Trejo v. Ryman Hosp. Props., Inc.*, 795 F.3d 442, 446, 448 (4th Cir. 2015) (quoting *Nakahata v. New York-Presbyterian Healthcare Sys.*, 723 F.3d 192, 201-202 (2d. Cir. 2013)(finding "gap-time" claims are also not cognizable under the plain remedial provisions of the FLSA).[3] Moreover, as noted by the majority and the concurring opinions in *Trejo*, even the amicus curiae brief of the United States Department of Labor in that case agreed that the tipped employees' failure to allege either a minimum wage violation or an overtime claim established they had no FLSA claim. *Id.* at 448 n. 8("[t]he Government, in its amicus brief, agrees with the conclusion that there is no viable private right of action under

---

[3] *See also Davis v. Abington Mem. Hosp.*, 765 F.3d 236 (3d Cir. 2014)(allegations insufficient to support FLSA claim where plaintiffs did not allege extra hours worked were in forty-hour workweeks); *Pruell v. Caritas Christi*, 678 F.3d 10, 13 (1st Cir. 2012)(threadbare allegations of working hours over forty were too conclusory to support FLSA claim).

the FLSA in this case because the 'plaintiffs are not pursuing minimum wage claims or overtime claims, but instead seek only to collect improperly withheld tips'"), 449("this is a perfectly straightforward case:  As DOL urges in its amicus brief, and as the majority holds, the Plaintiffs have no private cause of action to pursue their particular tip-related claims.  The injury that the Plaintiffs allege – that they have been required to share their tips with other employees in a way that does not conform to §203(m)'s 'tip-pooling' standards – simply is not of the sort redressable in a private FLSA lawsuit, whether or not it represents a violation of the Act's substantive protections.");  *see also Hughes v. Scarlett's G.P., Inc.*, No. 15-cv-5546, 2016 WL 454348, *6 (N.D. Ill. Feb. 5, 2016)("Courts in this Circuit routinely adjudicate FLSA disputes concerning 'tipped employee' practices that are tethered to a minimum wage or overtime claim.").

      Second, in the alternative, just like *Trejo*, neither Plaintiff's Complaint nor her Amended Complaint (filed after Defendant's detailed briefing on these issues in its first motion to dismiss) makes *any* reference to reliance on the DOL's 2011 regulations addressed in *Oregon Rest.*  Again, under this circumstance, the plain language of the FLSA's remedial provisions *and* of §203(m) require dismissal.  *See* Dkt. 13 at 4-8 and auth. cited therein.

Third, in the alternative, the Ninth Circuit's *Chevron* analysis is different from the Eleventh Circuit's. Even if the Court needs to consider whether to apply *Chevron* deference to the DOL's attempt to amend §203(m)'s plain language with its 2011 regulations (and it does not), *Oregon Rest.* sets out only the Ninth Circuit's opinion on that issue, and other courts outside the Ninth Circuit have refused to apply *Chevron* deference to the 2011 regulations' attempt to create a tip claim despite the plain language of the FLSA providing no such claim. *See* Cases cited in Dkt. 13 at 7 n.4; Dkt. 16 at 3-7. Under the plain language of *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844 (1984), a court should give an agency's "legislative regulations … controlling weight unless they are arbitrary capricious, or manifestly contrary to the statute." Here, as detailed above and in Defendant's original briefing, the FLSA requires payment of at least the statutory minimum wage for all hours worked up to 40 each workweek, and requires that employers covered by the statute pay overtime wages to employees who work more than 40 hours in a workweek, unless they are exempt. 29 U.S.C. §§206, 207(a)(1). An employee cannot state an FLSA claim for alleged unpaid tips against an employer that meets the minimum wage and overtime requirements. 29 U.S.C. §216(b). Because there is no freestanding claim to recover "tips" separate from a minimum wage or overtime claim, the DOL had no authority in 2011 to promulgate a regulation

that tries to *create* liability for an employer's alleged use of an employee's tips when it does not implicate overtime or minimum wage payments, but that is precisely what the DOL attempted to do in its 2011 regulations.

More importantly, the statutory language of Section 3(m) of the FLSA is not ambiguous – it states requirements *only* for an employer who pays tipped employees the tipped wage and takes a tip credit.  29 U.S.C. §203(m)("the cash wage paid such employee which for purposes of of such determination shall not be less than the [statutory tipped wage]; and … an additional amount on account of the tips received by such employee which amount is equal to the difference between the [tipped wage] … and the [minimum wage] in effect").  Thus, when the DOL's 2011 regulations added "[t]ips are the property of the employee whether or not the employer has taken a tip credit under section [20]3m of the FLSA.  The employer is prohibited from using an employee's tips, whether or not it has taken a tip credit," the agency's regulations were not addressing any silence in the statute or interpreting the plain language of Section 203(m).  Instead, the DOL's regulations attempted to expand the statute to create a new claim for tip recovery.  That expansion was therefore "manifestly contrary to the statute" and the plain language of the FLSA enacted by Congress in 1974.  *Chevron*, 467 U.S. at 844.

Unlike the Ninth Circuit, the Eleventh Circuit has expressly rejected the DOL's attempt to expand the reach of the FLSA in similar circumstances. In *Josendis v. Wall to Wall Residence Repairs, Inc.,* 662 F.3d 1292, 1320 (11th Cir. 2011), the Court affirmed a district court's decision that the agency's regulations regarding interstate facilities in 29 C.F.R. §776.23(c) were not a binding interpretation of the FLSA, explaining "we find that the court correctly determined that *Chevron* deference is unwarranted. … We do not apply *Chevron* deference, however, when a statutory command of Congress is unambiguous or the regulation is 'arbitrary, capricious, or manifestly contrary to the statute.' … Where the statutory language is clear, agency regulations have no effect." (cit. & quot. omitted). The Eleventh Circuit explained that where the "FLSA's text … is clear and unambiguous" the Court "like the district court, believe[d] that this text can only be construed to cover employees actually employed by the covered enterprise," and expressly rejected the DOL regulation's attempt to expand that coverage to bring "within the scope" of the FLSA all employees engaged in construction work "closely or intimately related" to a covered enterprise. 662 F.3d at 1319-20. For the same reasons here, the plain language of the FLSA does not include the claim for recovery of tips Plaintiff brings, and even if Plaintiff had relied on the change to the 2011 regulations in her Amended Complaint, the regulations have no effect. *Id.*; *see also Koch Foods, Inc. v. U.S. Dept. of Labor*,

712 F.3d 476, 485-86 (11th Cir. 2013)(refusing to give deference to DOL's attempt to expand whistleblower provision, finding "[u]pon review of the statute's plain language, structure, and statutory history, we conclude that [the statute] unambiguously covers only those situations where the record shows that operation of a motor vehicle would result in the violation").

Accordingly, for each of the three independent reasons set forth above, *Oregon Rest.* does not change the conclusion that Plaintiff's FLSA claims should be dismissed.

Respectfully submitted this 7th day of March, 2016.

> *s/ Tracey T. Barbaree*
> Tracey T. Barbaree
> GA Bar No. 036792
> tbarbaree@littler.com
> Beth A. Moeller
> GA Bar No. 100158
> bmoeller@littler.com
> LITTLER MENDELSON, P.C.
> 3344 Peachtree Road, NE
> Suite 1500
> Atlanta, Georgia 30326
> Telephone:  (404) 233-0330
> Facsimile:   (404) 233-2361
>
> *Attorneys for Ameripark, LLC, Defendant*

## FONT CERTIFICATION

**DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S [SECOND] MOTION TO DISMISS** was prepared using Times New Roman 14 point font in accordance with Local Rule 5.1C.

*s/ Tracey T. Barbaree*
Counsel for Defendant

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| DEBORAH MALIVUK, individually and on behalf of all others similarly situated,<br><br>  Plaintiff,<br><br>v.<br><br>AMERIPARK, LLC,<br><br>  Defendant. | Civil Action No.<br>1:15-cv-02570-WSD |

## CERTIFICATE OF SERVICE

I hereby certify that on this 7th day of March, 2016, I electronically filed the foregoing **DEFENDANT'S RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF PLAINTIFF'S OPPOSITION TO DEFENDANT'S [SECOND] MOTION TO DISMISS** with the Clerk of Court using the CM/ECF which will automatically send e-mail notification of such filing to the following attorney of record: .

| | |
|---|---|
| Christopher B. Hall<br>Hall & Lampros, LLP<br>1230 Peachtree Street, NE<br>Suite 950<br>Atlanta, GA 30309 | Brian D. Gonzales<br>The Law Offices of Brian D. Gonzales, PLLC<br>123 North College Avenue<br>Suite 200<br>Fort Collins, CO 80524 |

              *s/ Tracey T. Barbaree*
              Counsel for Defendant