IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DEBORAH MALIVUK, individually
and on behalf of all others similarly
situated,

Plaintiff,

v.                                            1:15-cv-2570-WSD

AMERIPARK, LLC

Defendant.

## OPINION AND ORDER

This matter is before the Court on Defendant Ameripark, LLC's

("Defendant") Motion to Dismiss [13].

## I.    BACKGROUND

On July 20, 2015, Plaintiff Deborah Malivuk ("Plaintiff") filed this action,

claiming Defendant, a provider of valet parking services, violated the Fair Labor

Standards Act, 29 U.S.C. § 201, et seq. ("FLSA"), by illegally withholding tip

money paid to valets.  On August 11, 2015, Defendant filed its motion to dismiss

Plaintiff's original Complaint, arguing Plaintiff did not allege Defendant claimed a

tip credit or that Defendant did not pay her a minimum wage or overtime.  On

September 1, 2015, Plaintiff filed her First Amended Complaint [11], adding

several state law claims and largely relying on the same factual allegations as the original Complaint.  Plaintiff's Amended Complaint alleges that "the valets who work for Defendant receive tips from customers.  These tips are collected by Defendant and distributed according to a formula among the various valets working a particular shift."  (Am. Compl. ¶ 7).  Defendant uses a "portion of the tip money to offset other business expenses including . . . valet employee hourly wages."  (Id.).

Plaintiff alleges that, as a valet, she "was promised to be paid an hourly wage plus tips to which she was legally entitled."  (Id. ¶ 8).  She claims that, "[a]t all relevant times, a portion of the tips collected as a result of Plaintiff's work were diverted illegally by Defendant[,]" in violation of the FLSA.  (Id. ¶¶ 12, 16).  She alleges the "tips received by Plaintiff were the property of the Plaintiff, whether or not Defendant has taken a tip credit under the FLSA."  (Id. ¶ 10).

Plaintiff brings this action as a collective action on behalf of a class of "[a]ll current or former valet employees of Defendant who did not receive 100% of their tip amounts due to Defendant's diversion of tips within the applicable limitations period."  (Id. ¶ 17).  In addition to her FLSA claim, Plaintiff asserts state law claims for "constructive trust" (Count 2), breach of contract (Count 3), unjust enrichment (Count 4), and conversion (Count 5).  Plaintiff seeks recovery of

"compensatory damages, payment of all tips illegally diverted, back pay, attorneys' fees, . . . litigation expenses," "interest," and "liquidated damages." (Id. at 14).

On September 18, 2015, Defendant filed its Motion to Dismiss.  In it, Defendant argues the FLSA does not provide relief for the alleged tip diversion on which Plaintiff bases her claim, because Plaintiff does not allege that Defendant used tips as a credit against the minimum wage, or that she otherwise was not paid a minimum wage or overtime.  Defendant argues Plaintiff's state law claims should be dismissed, including because Georgia law does not recognize claims based on alleged "wage violations" for an at-will employee.  Defendant also argues that, to the extent Plaintiff's state law claims rely on FLSA, they are preempted.  On October 5, 2015, Plaintiff filed her Response [14].  In it, she argues Section 203(m) applies to her allegations of Defendant's tip diversion.  On February 25, 2016, Plaintiff filed a notice of supplemental authority [18].

## II.   DISCUSSION

### A.   Legal Standard

On a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must "assume that the factual allegations in the complaint are true and give the plaintiff[] the benefit of reasonable factual inferences." Wooten v. Quicken Loans, Inc., 626 F.3d 1187, 1196 (11th Cir.

2010).  Although reasonable inferences are made in the plaintiff's favor, "'unwarranted deductions of fact' are not admitted as true."  Aldana v. Del Monte Fresh Produce, N.A., 416 F.3d 1242, 1248 (11th Cir. 2005) (quoting S. Fla. Water Mgmt. Dist. v. Montalvo, 84 F.3d 402, 408 n.10 (11th Cir. 1996)).  Similarly, the Court is not required to accept conclusory allegations and legal conclusions as true. See Am. Dental Ass'n v. Cigna Corp., 605 F.3d 1283, 1290 (11th Cir. 2010) (construing Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007)).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).  Mere "labels and conclusions" are insufficient.  Twombly, 550 U.S. at 555.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556).  This requires more than the "mere possibility of misconduct."  Am. Dental, 605 F.3d at 1290 (quoting Iqbal, 556 U.S. at 679).  The well-pled allegations must "nudge[] their claims across the line from conceivable to plausible."  Id. at 1289 (quoting Twombly, 550 U.S. at 570).

4

B.    Analysis

1.    FLSA Claim

The FLSA is "designed to protect workers from the twin evils of excessive work hours and substandard wages." Howard v. City of Springfield, 274 F.3d 1141, 1148 (7th Cir. 2001). To that end, the statute requires payment of minimum wages and overtime pay, 29 U.S.C. §§ 206, 207, and gives employees deprived of these payments the right to receive them, id. § 216(b). "[T]he requirements to state a claim of a FLSA violation are quite straightforward. The elements that must be shown are simply a failure to pay overtime compensation and/or minimum wages to covered employees . . . ." Sec'y of Labor v. Labbe, 319 F. App'x 761, 763 (11th Cir. 2008); see also Morgan v. Family Dollar Stores, Inc., 551 F.3d 1233, 1277 n.68 (11th Cir. 2008).

The parties agree that the portion of the FLSA relevant to this action is Section 203(m). Section 203(m) provides, in relevant part:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to—
>
> > (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and

>(2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.
>
>The additional amount on account of tips may not exceed the value of the tips actually received by an employee. The preceding 2 sentences shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection, and all tips received by such employee have been retained by the employee, except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

29 U.S.C. § 203(m).  Put simply, the first sentence provides that an employer must pay a tipped employee a cash wage, but if the cash wage is less than the federal minimum wage, the employer can make up the difference with the employee's tips—also known as a "tip credit."  See Cumbie v. Woody Woo, Inc., 596 F.3d 577, 580 (9th Cir. 2010).  The second sentence clarifies that if the cash wage plus tips are not enough to meet the minimum wage, the employer must "top up" the cash wage.  Id.  Together, "these two sentences provide than an employer may take a partial tip credit toward its minimum-wage obligation."  Id.[1]  The weight of authority holds that "Section 203(m) . . . does not require an employer to return tip money to an employee where the employer does not claim to have used those tips

---

[1]      "The third sentence states that the preceding two sentences do not apply (i.e., the employer may not take a tip credit) unless two conditions are met."  Id.

6

to satisfy the employees' minimum wage." <u>Labriola v. Clinton Entm't Mgmt.,</u>
<u>LLC</u>, No. 15 C 4123, 2016 WL 1106862, at *4 (N.D. Ill. Mar. 22, 2016).

The Fourth Circuit recently addressed the scope of Section 203(m).  In
<u>Trejo v. Ryman Hosp. Props., Inc.</u>, 795 F.3d 442, 445 (4th Cir. 2015), hotel and
restaurant servers alleged that their employers violated the FLSA by requiring
them to join a tip-pooling arrangement, under which the employers took a portion
of the servers' tips and redistributed them to other employees.  <u>Id.</u>  The servers
alleged that, through this arrangement, the employers violated the FLSA by "not
paying plaintiffs all their earned tips."  <u>Id.</u>  The court noted that the servers did not
allege "that they were paid below minimum wage[.]"  <u>Id.</u>  In affirming the district
court's dismissal of the servers' claim, the court held that the FLSA "'does not
state freestanding *requirements* pertaining to all tipped employees,' but rather
creates rights and obligations for employers attempting to use tips as a credit
against the minimum wage."  <u>Id.</u> at 448 (emphasis in original) (quoting <u>Cumbie</u>,
596 F.3d at 581).

Plaintiff argues that she "has stated a viable claim for violation of § 203(m)"
because she "alleges that Ameripark elected to use the tip credit by offsetting her
minimum wage with tips."  (Resp. at 7).  Contrary to Plaintiff's current claims,
Plaintiff's Amended Complaint does not allege she was paid less than the

7

minimum wage, and it does not allege that Defendant used tips as a credit against the minimum wage.  Plaintiff alleges in her Amended Complaint only that she was "promised to be paid an hourly wage plus tips . . . ."  (Id. ¶ 8).  Plaintiff alleges that "Defendant uses a significant portion of the tip money [received by valets] to offset other business expenses, including . . . valet employee hourly wages."  (Compl. ¶ 7).  These allegations, on their face, do not assert that Defendant used tips as a credit against the minimum wage.[2]  Because Plaintiff does not allege she was not paid the minimum wage, Section 203(m) "does not have anything to do with this case."  Trejo, 795 F.3d at 445; see also Brueningsen v. Resort Express Inc., No. 2:12-CV-00843-DN, 2015 WL 339671, at *4 (D. Utah Jan. 26, 2015) ("Courts have held that § 203(m) only prohibits an employer from retaining a portion or all of the tips if the employer pays a tipped employee less than the federal minimum wage and takes the tip credit, unless there is a valid tip pool.  Thus, an employer is not prohibited from retaining an employee's tips if the employer does not take the tip credit." (footnote omitted)); Trinidad v. Pret A Manger (USA) Ltd., 962 F. Supp. 2d 545 (S.D.N.Y. 2013) ("[U]nder a consistent body of case law, those

---

[2]     In fact, Plaintiff alleges that the "tips she received were the property of the Plaintiff, whether or not Defendant has taken a tip credit under the FLSA," and alleges further that "Defendant did not retain Plaintiff's tips based on a valid tip pool."  (Am. Compl. ¶¶ 10, 11).

FLSA [Section 203(m)] conditions apply only when the employer pays the employee below minimum wage and relies on a tip credit to supplement that wage.").

On February 25, 2016, Plaintiff filed a notice of supplemental authority in which she briefed the Ninth Circuit's recent decision in Oregon Rest. and Lodging Ass'n v. Perez, 816 F.3d 1080 (9th Cir. 2016).  Some background is helpful to understand the Oregon Rest. decision.  In 2010, the Ninth Circuit in Cumbie held that Section 203(m) did not apply to employers who did not take a tip credit.  596 F.3d at 583.  After Cumbie, the DOL promulgated new rules, including a revision to 29 C.F.R. § 531.52 (the "DOL Regulation"), which provides that "[t]ips are the property of the employee whether or not the employer has taken the tip credit under section [20]3(m) of the FLSA."  29 C.F.R. § 531.52.  Relying on Cumbie and other cases, nearly every court that has considered the DOL Regulation has invalidated it under Chevron, U.S.A. Inc. v. Natural Res. Defense Council, Inc., 467 U.S. 837 (1984).  See, e.g., Brueningsen, 2015 WL 339671, at *4 ("Reading the statute to mandate that tips are property of the employee regardless of the tip credit renders Congress' reference to the tip credit superfluous."); Mould v. NJG Food Serv. Inc., No. CIV. JKB-13-1305, 2014 WL 2768635, at *5 (D. Md. June 17, 2014) ("[T]he Court joins sister courts in finding that the regulation is

incompatible with the plain text of the statute and is therefore *ultra vires*.");
Stephenson v. All Resort Coach, Inc., No. 2:12-CV-1097 TS, 2013 WL 4519781,
at *8 (D. Utah Aug. 26, 2013) ("[The DOL Regulation] runs contrary to the plain
language and structure of § 203(m)."); Trinidad, 962 F. Supp. 2d at 563 ("[T]he
Court is highly skeptical that DOL's regulations permissibly construe the
statute[.]").

      In Oregon Rest., the Ninth Circuit read Cumbie as holding that Section
203(m)'s silence as to employers that do not take a tip credit must be construed in
favor of the employer to permit a practice of retaining tips.  816 F.3d at 1087.
Based on this reading, the majority in Oregon Rest. held that, because of Section
203(m)'s silence, the DOL retained authority and discretion to promulgate
regulations interpreting Section 203(m), and that the DOL Regulation was
reasonable and entitled to deference.  Id. at 1090.

      Plaintiff urges the Court to adopt the reasoning of the Ninth Circuit in
Oregon Rest. finding that the DOL Regulation is valid, and thus that Section
203(m) applies to the tip diversion scheme alleged in the Amended Complaint.
The Court notes that Defendant thoroughly briefed the DOL Regulation issue in its
Motion to Dismiss, arguing that the DOL Regulation is invalid under Chevron.
(Mot. to Dismiss at 6-7).  Plaintiff failed to respond to this argument or even to

reference the DOL Regulation.  Because Plaintiff did not respond to the argument, it is deemed unopposed.  <u>See</u> L.R. 7.1(B), NDGa.  The Court declines to consider Plaintiff's argument, raised for the first time in Plaintiff's notice of supplemental authority, that the DOL Regulation breathes life into Plaintiff's FLSA claim.  <u>See</u> <u>United States v. Blasco</u>, 702 F.2d 1315, 1332 n.28 (11th Cir. 1983) (refusing to consider issues raised for first time in notice of supplemental authority).

Even if the Court considered Plaintiff's argument regarding the DOL Regulation, the Ninth Circuit's decision is not binding on this Court, and the Court also does not find the decision persuasive.  The weight of authority holds the DOL Regulation is invalid under <u>Chevron</u>.  The Court agrees with the district court's opinion in <u>Brueningsen v. Resort Express Inc.</u> that <u>Oregon Rest.</u>'s reading and application of <u>Cumbie</u> "is not persuasive, as it ignores the plain language of [S]ection 203(m) and of [Cumbie]."  No. 2:12-CV-843-DN, 2016 WL 1181683, at *3 (D. Utah Mar. 25, 2016).  The <u>Cumbie</u> court found that Section 203(m) only imposed a condition on employers who take a tip credit, rather than a blanket requirement on all employers regardless of whether they take a tip credit.  596 F.3d at 581.  The court reasoned that "[a] statute that provides that a person must do X in order to achieve Y does not mandate that a person must do X, period."  <u>Id.</u> Because the restaurant in <u>Cumbie</u> did not take a tip credit, there was no basis for

concluding that the restaurant's tip-pooling arrangement violated Section 203(m).

The Court agrees with Cumbie that "[i]f Congress wanted to articulate a general

principle that tips are the property of the employee absent a 'valid' tip pool, it

could have done so without reference to the tip credit."  596 F.3d at 581.  The DOL

Regulation violates the plain language of Section 203(m).  As the Oregon Rest.

dissent observed, the majority tries to dodge Cumbie by suggesting Section 203(m)

is silent as to whether the DOL can regulate tip pooling arrangements of employers

who do not take a tip credit.  Cumbie, however, addressed this "statutory silence"

argument squarely:  according to the plain text of the statute, Section 203(m)

applies only to employers who *do* take a tip credit.  Oregon Rest., 816 F.3d at 1093

(Smith, J., dissenting).[3, 4]  The Court declines to adopt the Ninth Circuit's flawed

---

[3]    The language of Section 203(m)'s tip credit exception undercuts Plaintiff's, the DOL's, and the Ninth Circuit's position that tips "belong" to the employee who earns them.  Section 203(m) specifically allows the pooling of tips among tipped employees.  Had Congress intended to entitle employees to "their" tips, it could have said so and would not have allowed tip pooling arrangements.  This reading of the plain language of Section 203(m) also is in accord with the FLSA's purpose of protecting workers' rights to a minimum wage and overtime.  See 29 U.S.C. §§ 206, 207; Howard, 274 F.3d at 1148.  The DOL Regulation exceeds the scope of the FLSA by attempting to extend workers' rights in tips beyond their right to a minimum wage and overtime.

[4]    The Fourth Circuit in Trejo noted that the plaintiffs "do not want to" allege a violation of the DOL Regulation, "but nonetheless stated that those regulations 'exceeded [the DOL's] authority and . . . don't get past step 1 of the Chevron analysis in terms of deference[.]'"  795 F.3d at 445 (footnote omitted).

reasoning in <u>Oregon Rest.</u>  Defendant's Motion to Dismiss Plaintiff's FLSA claim is granted.[5, 6]

2.   <u>State Law Claims</u>

Defendant next moves to dismiss Plaintiff's state law claims, which include a "constructive trust" claim, breach of contract, unjust enrichment, and conversion.[7, 8]  Plaintiff alleges "Defendant was contractually obligated to pay Plaintiff and Class Members in accordance with state and federal wage and hour laws and to remit to Plaintiff and Class members all tips and gratuities."  (Compl. ¶ 41).  Defendant argues that, because Plaintiff alleges her state law claims are based on the "state and federal wage and hour laws," each of her state law claims fails on the merits.  (<u>See</u> Mot. to Dismiss at 8-10).  The Court agrees.  Plaintiff's

---

[5]   The Court notes that the Oregon Restaurant and Lodging Association filed a petition in the Ninth Circuit requesting en banc review of the <u>Oregon Rest.</u> decision.  <u>Oregon Rest. and Lodging Ass'n v. Perez</u>, No. 13-35765 (9th Cir. Apr. 6, 2016) (ECF No. 38).

[6]   Plaintiff states, in a footnote, that "[i]f the Court believes more detailed allegations are necessary to plead her claims, Plaintiff respectfully requests the opportunity to amend her complaint."  (Resp. at 5 n.1).  A response to a motion to dismiss is not the proper vehicle to seek leave to amend a complaint.

[7]   Plaintiff's Amended Complaint does not identify the state under which she asserts her state law claims.  In her Response, Plaintiff relies on Georgia law to support that her breach of contract claim survives.  The Court assumes Georgia law governs the substantive legal issues in this action with respect to Plaintiff's state law claims.

[8]   Plaintiff "does not oppose the dismissal of [her] conversion claim."  (Resp. at 12 n.5).

state law claims fail on the merits because she fails to show she was entitled to the tips.  Plaintiff alleges her entitlement to the tips based only on the FLSA.  As explained above, Plaintiff fails to allege she was entitled to the tips under the FLSA.[9]  Her state law claims thus fail.  See Brueningsen, 2015 WL 339671, at *9 ("Tip entitlement derives solely from the FLSA. . . .  Plaintiffs fail to show that the FLSA entitles them to the tips.  Therefore, Plaintiff's common law [conversion, unjust enrichment, and quantum meruit] claims fail on the merits."); Stephenson v. All Resort Coach, Inc., No. 2:12-CV-1097 TS, 2013 WL 4519781, at *9 (D. Utah Aug. 26, 2013) ("All of Plaintiffs' common law claims are based on the notion that Plaintiffs were entitled to receive tips and that Defendant unlawfully withheld the tips to which Plaintiffs were entitled. . . .  The only alleged entitlement to those tips derives from the FLSA. . . .  Plaintiffs have failed to prove that they were, in fact, entitled to the tips under the FLSA.  Therefore, Plaintiffs' common law claims must fail."); cf. Carter v. PJS of Parma, Inc., No. 1:15 CV 1545, 2016 WL 1618132, at *2 (N.D. Ohio Apr. 22, 2016) (finding state law

---

[9]     To the extent Plaintiff relies on Georgia wage laws as a basis for entitlement to the tips, the only relevant wage provision, O.C.G.A. § 34-4-3, does "not apply to any employer who is subject to the minimum wage provisions of" the FLSA. O.C.G.A. § 34-4-3.  Plaintiff alleges Defendant is subject to the FLSA, (Am. Compl. ¶ 26), and O.C.G.A. § 34-4-3 thus cannot form a basis for entitlement to the tips.

14

claims did not fail because, unlike plaintiffs in <u>Stephenson</u> and <u>Brueningsen</u>,

plaintiffs "do not allege that their entitlement to the tips is based on FLSA").

Accordingly, Plaintiff's state law claims are dismissed.[10, 11]

## III.   CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Defendant Ameripark, LLC's Motion to

Dismiss [13] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.


**SO ORDERED** this 26th day of July, 2016.


_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE

---

[10]   Plaintiff couches her "constructive trust" claim as a remedy that flows from her breach of contract and FLSA claims.  (<u>See</u> Resp. at 12 n.4).  Those claims having been dismissed, Plaintiff's constructive trust remedy also fails.

[11]   Courts in the Eleventh Circuit have held that where a plaintiff merely recasts her FLSA claims as state law claims, the FLSA preempts the state law claims.  <u>See</u> <u>Johnson v. WellPoint, Inc.</u>, No. 1:06-CV-2430-ODE, 2009 WL 8753325, at *22 (N.D. Ga. Mar. 30, 2009) (citing cases).  This authority provides an independent basis to dismiss Plaintiff's state law claims.