[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16310
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cv-02570-WSD


DEBORAH MALIVUK,
individually and on behalf of all others similarly situated,

                                        Plaintiff - Appellant,

versus

AMERIPARK, LLC,

                                        Defendant - Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(June 9, 2017)

Before HULL, WILSON, and JULIE CARNES, Circuit Judges.

PER CURIAM:

## I.  BACKGROUND

Plaintiff Deborah Malivuk worked for Defendant Ameripark, LLC, as a valet driver, and received both wages and tips for her work.  She brought this suit, complaining that Defendant had appropriated a portion of the tips she and her fellow valet drivers had earned.  According to Plaintiff, this pocketing of its drivers' tips by Defendant violated § 203(m) of the Fair Labor Standards Act ("FLSA").  Regardless of whether Defendant's acts violated § 203(m), however, we conclude that the district court properly dismissed Plaintiff's complaint because Plaintiff did not allege that she was either (1) paid less than the minimum wage or (2) under-compensated for overtime work, which allegation is necessary before one can plead a private cause of action under § 216 of the FLSA.  Thus, we AFFIRM the district court's order granting Defendant's Motion to Dismiss.[1]

## II.  DISCUSSION

To understand the legal question at issue, a little background is necessary. For most employees, the minimum wage that an employer must pay an employee under the FLSA is $7.25 an hour.  29 U.S.C. § 206(a)(1)(C).  That rule gives way, however, if the employee is a "tipped employee." In that scenario, § 203(m) authorizes the employer to pay the employee (1) an hourly wage of $2.13 plus (2) an additional amount in tips that brings the total wage up to the federal

---

[1]  We review *de novo* the district court's grant of a motion to dismiss under Rule 12(b)(6) for failure to state a claim.  *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1288 (11th Cir. 2010).

minimum wage of $7.25 an hour.  29 U.S.C. § 203(m).[2]  An employer who utilizes an employee's hourly tips to reach the minimum hourly wage due the employee is said to take a "tip credit."  An employer may not take this tip credit, however, unless "all tips received by such employee have been retained by the employee." *Id.* (". . . except that this subsection shall not be construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.").

In May of 2011, the Department of Labor ("DOL") promulgated 29 C.F.R. § 531.52.  Section 531.52 declared that "[t]ips are the property of the employee *whether or not the employer has taken a tip credit* under [§ 203(m)] of the FLSA." *Id.* (emphasis added).  In other words, the regulation specified that "[t]he employer is prohibited from using an employee's tips, whether or not it has taken a tip credit, for any reason other than that which is statutorily permitted in [§ 203(m)]:  As a credit against its minimum wage obligations to the employee, or in furtherance of a valid tip pool." *Id.*

---

[2]  The statute specifies:

> In determining the wage an employer is required to pay a tipped employee, the amount paid such employee by the employee's employer shall be an amount equal to--
>> (1) the cash wage paid such employee which for purposes of such determination shall be not less than the cash wage required to be paid such an employee on August 20, 1996; and
>> (2) an additional amount on account of the tips received by such employee which amount is equal to the difference between the wage specified in paragraph (1) and the wage in effect under section 206(a)(1) of this title.

29 U.S.C. § 203(m).

Plaintiff can point to no statute that prohibits an employer who has *not* taken a tip credit from allocating a portion of the employee's tips to itself.  Accordingly, to gain any traction with her argument in this case, Plaintiff must rely on § 531.52, which is only a regulation, not a statute.  In *Chevron*, the Supreme Court held that courts should defer to agency interpretations of statutes when (1) the intent of Congress was ambiguous or unclear and (2) the agency's interpretation of the statute is reasonable or permissible.  *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 842–44 (1984).  There is currently a debate within federal courts as to whether § 531.52 is entitled to deference by courts under *Chevron*.  If so, the regulation will effectively carry the same weight as a statute.

Until recently, a consistent body of district court law had held that § 531.52 was not entitled to *Chevron* deference because 29 U.S.C. § 302(m) was not ambiguous and thus there was no gap to be filled by regulation.  *See, e.g., Brueningsen v. Resort Express Inc.*, No. 2:12-CV-00843-DN, 2015 WL 339671, at *5 (D. Utah Jan. 26, 2015), *reconsideration denied*, 2016 WL 1181683 (D. Utah Mar. 25, 2016) ("The DOL regulation 29 C.F.R. § 531.52 fails *Chevron* step-one because it departs from Congress' clear intent that tips are the property of the employee only when an employer takes the tip credit."); *Mould v. NJG Food Serv. Inc.*, No. JKB-13-1305, 2014 WL 2768635, at *5 (D. Md. June 17, 2014); *Stephenson v. All Resort Coach, Inc.*, No. 2:12-cv-1097 TS, 2013 WL 4519781, at

*8 (D. Utah Aug. 26, 2013); *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp.
2d 545, 563 (S.D.N.Y. 2013).

Then the Ninth Circuit entered the fray.  In *Oregon Restaurant & Lodging
Association v. Perez*, the Ninth Circuit concluded that because § 203(m) said
nothing about employers who do *not* take the tip credit, this silence created a
statutory gap that the DOL could fill through its rulemaking authority.  816 F.3d
1080, 1089 (9th Cir. 2016) (also holding that the regulation was a reasonable
interpretation of the statute under *Chevron* step two).[3]

Plaintiff argues that *Perez* correctly decided that § 531.52 should be given
deference under *Chevron.*  From this premise, Plaintiff contends that Defendant
violated this regulation—and hence the FLSA—when it confiscated Plaintiff's tips,
even if Defendant did not take the "tip credit" under § 203(m).  The DOL as
*amicus curiae*, agrees with this part of Plaintiff's argument.  Nevertheless, the
DOL says the viability of the regulation is "not properly before the Court."  The
DOL reaches this conclusion because, like Defendant, the DOL recognizes that the
FLSA does not provide a *private cause of action* for a claim of improperly
withheld tips, whatever the reach of § 531.52 may be.

We read the DOL's position as asserting that it could pursue appropriate
relief against an employer who violated § 531.52 because that regulation is entitled

---

[3]  *Perez* was decided over the dissent of one of the panel judges, and rehearing *en banc* was
denied over the lengthy dissent of ten judges.

to *Chevron* deference.  But as to whether an employee can utilize § 531.52 to sue her employer, the DOL acknowledges that an employee can launch a private action against an employer only when the FLSA authorizes such an action.  And both Defendant and the DOL agree that there is no statutory authority for a private suit by an employee who claims only that her tips were withheld, but who does not also allege that she received less than the minimum wage (before tips) or that she received less than she was entitled for overtime work.  And this is so even if § 531.52 is entitled to *Chevron* deference.  We agree with the DOL and Defendant that Plaintiff's allegations do not permit a private cause of action.  Because that conclusion dictates the result in this case, we need not wade into the ongoing debate concerning the regulation's validity under *Chevron.*  We explain why.

Section 216(b) establishes a private right of action for violations of § 206 and § 207 of the FLSA.  Specifically, § 216(b) provides that "[a]ny employer who violates the provisions of *section 206 or section 207* of this title shall be liable to the employee or employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages."  29 U.S.C. § 216(b) (emphasis added).  However, Plaintiff never claims that Defendant violated either § 206 or § 207.

Section 207 limits the maximum working hours an employee may work without receiving overtime compensation, but Plaintiff does not assert that she was under-compensated for overtime work.  *See* 29 U.S.C. § 207.  Section 206 requires the payment of a minimum wage, but Plaintiff likewise does not assert that she was paid less than the minimum wage before calculation of tips.  *See* 29 U.S.C. § 206.  Indeed, as Plaintiff makes clear in her briefing, her "hourly wage was not much more than the minimum wage" (meaning that it was *at least* the minimum wage).

Instead, Plaintiff focuses solely on Defendant's systemic pocketing of some of her and her co-workers' tips.  She asserts that by this action, Defendant constructively took a tip credit in violation of § 203(m) because it could use diverted tips to offset business expenses, such as employee wages.  Alternatively, she asserts that even if Defendant's actions did not constitute the taking of a tip credit, its appropriation of employee tips violated the DOL's 2011 regulation protecting an employee's right to those tips even when an employer does not take the tip credit.

But Plaintiff's arguments ignore the fatal flaw in her claim, which is: Plaintiff's tip-withholding claim implicates neither § 206 (minimum wage) nor § 207 (overtime), and thus Plaintiff cannot assert a private cause of action under § 216(b).  *See* 29 U.S.C. § 216(b) (providing that any "employer who violates the provisions of section 206 or section 207" is liable to the employee).  As the DOL

7

puts it, because "plaintiff is not pursuing minimum wage claims or overtime claims, but instead seeks only to collect improperly withheld tips, she does not have a cause of action under the FLSA."[4]

In short, the language of § 216 is clear, and even the DOL recognizes that whatever the effect of its own 2011 Regulation, Plaintiff does not have a valid cause of action because she does not assert a violation of either § 206 or § 207. Of course, nothing about our present holding undermines the DOL's ability to investigate or enforce violations of the FLSA or a plaintiff's ability to collect unpaid tips through an appropriate state law claim. *See, e.g., Labriola v. Clinton*

---

[4] Plaintiff raises a valid concern that employers may skirt § 203(m)'s prohibition against collecting tips simply by paying employees the full $7.25/hour minimum wage, and then collecting the employee's tips to offset this expense in the employer's own books. Indeed, this concern animated the Secretary of Labor's decision to promulgate the 2011 Regulation:

> [If] the FLSA places limitations on an employer's use of its employees' tips only in the context of a tip credit, an employer could simply eschew the tip credit and use a greater part of its employees' tips toward its minimum wage obligations than permitted under [§ 203(m)] . . . If an employer could avail itself of this loophole, it would have no reason to ever elect the tip credit because, instead of using only a portion of its employees' tips to fulfill its minimum wage obligation, it could use all of its employees' tips to fulfill its entire minimum wage obligation to the tipped employees or other employees. . . . [I]f there are no restrictions on an employer's use of its employees' tips when it does not utilize a tip credit, the employer can institute a mandatory tip pool that requires employees to contribute all of their tips regardless of how much they receive back, or mandate that employees turn over all of their tips and use those tips to pay the minimum wage or for any other purpose.

76 Fed. Reg. 18,832-01 at 18,842 (April 5, 2011). Notwithstanding the above concern, it is worth noting that an employer might still have good reason to offset wages through a tip credit—for example, to retain good employees, to ensure that tipped employees have a monetary incentive to provide quality customer service, or in cases where an employee makes only minimal tips—but the Secretary's concerns are certainly valid.

*Entm't Mgmt., LLC*, No. 15 C 4123, 2016 WL 1106862, at \*6 (N.D. Ill. Mar. 22,

2016) (holding that the plaintiffs' allegation that defendants improperly confiscated

portions of the plaintiffs' tips was not actionable under the FLSA but could support

a claim under Illinois common law); *Azeez v. Ramaiah*, No. 14 CIV. 5623 (PAE),

2015 WL 1637871, at \*6–7 (S.D.N.Y. Apr. 9, 2015) (holding that there "is no

federal cause of action for unlawful retention of tips," but New York law, "by

contrast, creates a cause of action for misappropriation of tips").  But Plaintiff

cannot vindicate her present grievance through a private cause of action under the

FLSA.

　　Recently, the Fourth Circuit reached this same conclusion in a similar case.

In *Trejo v. Ryman Hospitality Properties, Inc.*, the Fourth Circuit considered a

situation in which the plaintiffs alleged that the defendant "violated the FLSA by

requiring them to join [a] tip-pooling arrangement" but "concede[d] that they are

paid a full minimum wage absent tips."  795 F.3d 442, 445–46 (4th Cir. 2015).

With this factual concession, the plaintiffs "essentially concede[d] that they do not

have a private right of action under § 216(b) because they are not seeking damages

for unpaid minimum wages."  *Id.* at 446.  As the Fourth Circuit explained:  "The

FLSA 'requires payment of minimum wages and overtime wages only,' and 'is

unavailing where wages do not fall below the statutory minimum and hours do not

rise above the overtime threshold.'"  *Id.* at 448 (quoting *Nakahata v. New York–*

*Presbyterian Healthcare Sys.*, 723 F.3d 192, 201 (2d Cir. 2013)) ("We thus find

that the statutory requirements that an employer inform an employee of § 203(m)

and permit the employee to retain all his tips unless the employee is in a tip pool

with other regularly tipped employees does not apply to employees, like the

Plaintiffs, who are seeking only the recovery of the tips unrelated to a minimum

wage or overtime claim").[5]

Like the plaintiffs in *Trejo*, Plaintiff here does not assert that she received

less than the minimum wage before tips or that she was under-compensated for

overtime work.  Thus, she cannot properly assert a private cause of action under

---

[5] In other words, the issue here is not whether § 203(m) imposes substantive legal requirements
on an employer, but instead, whether the FLSA (through § 216) provides Plaintiff a private cause
of action through which she may enforce a violation of § 203(m), in the absence of a violation of
§ 206 or § 207.  The *Trejo* concurrence explained this distinction in detail:

> Whether the FLSA or its implementing regulations provide a substantive
> protection to employees, in other words, is a separate question from whether the
> Act allows those employees to enforce the protection through a private cause of
> action.
> And on that latter question (and only that latter question), this is a
> perfectly straightforward case: As DOL urges in its amicus brief, and as the
> majority holds, the Plaintiffs have no private cause of action to pursue their
> particular tip-related claims. The injury that the Plaintiffs allege—that they have
> been required to share their tips with other employees in a way that does not
> conform to § 203(m)'s "tip-pooling" standards—simply is not of the sort
> redressable in a private FLSA lawsuit, whether or not it represents a violation of
> the Act's substantive protections.
> Section 216(b) contains the only express private cause of action under the
> FLSA in which the Plaintiffs' claims might conceivably sound. But as the
> majority explains, the Plaintiffs have all but conceded that their claims do not fall
> within that provision.

*Id.* at 449 (Harris, J., concurring).

the FLSA.  It is perhaps worth noting that *Perez* did not directly address this

particular issue when it held that the DOL's 2011 regulation was entitled to

*Chevron* deference.  As the majority opinion explained, the "precise question"

before it was "whether the DOL may regulate the tip pooling practices of

employers who do not take a tip credit."  *Perez*, 816 F.3d at 1086.  *Perez* answered

this question in the affirmative.  Yet, *Perez* did not address the question whether an

individual plaintiff can pursue a private cause of action to enforce the DOL's

regulation of tip pooling practices when the employer has not taken a tip credit.

*See Alexander v. Sandoval*, 532 U.S. 275, 291 (2001) ("Language in a regulation

may invoke a private right of action that Congress through statutory text created,

but it may not create a right that Congress has not.").

Finally, the district court did not abuse its discretion by denying Plaintiff

leave to amend.[6]  The district court noted that Plaintiff only requested leave to

amend in a footnote in its Response in Opposition to the Motion to Dismiss, and

correctly concluded that this was not the proper method by which a party may seek

leave to amend.  *See Posner v. Essex Ins. Co., Ltd.*, 178 F.3d 1209, 1222 (11th Cir.

1999) ("Where a request for leave to file an amended complaint simply is

imbedded within an opposition memorandum, the issue has not been raised

---

[6]  "We review the district court's denial of a motion for leave to amend for clear abuse of
discretion."  *Andrx Pharm., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236 (11th Cir. 2005).

properly."); *see also Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 544 (11th Cir. 2002) (en banc) ("[A] district court is not required to grant a plaintiff who is represented by counsel leave to amend his complaint sua sponte."). But more importantly, Plaintiff has provided no indication that she could truthfully plead that she was paid less than the minimum wage or was improperly compensated for overtime work.  That being so, she cannot amend her way into asserting a private right of action as provided by § 216.[7]

## III.   CONCLUSION

Because Plaintiff has failed to plead that she was paid less than the minimum wage or improperly compensated for overtime work, we **AFFIRM** the district court's dismissal of Plaintiff's Complaint.

---

[7] Plaintiff also contends that "if the Court reinstates [her] FLSA claim, it should also reinstate her state law claims."  We decline to reinstate Plaintiff's FLSA claim, and thus also decline to reinstate her state law claims.

12

# UNITED STATES COURT OF APPEALS
## FOR THE ELEVENTH CIRCUIT

ELBERT PARR TUTTLE COURT OF APPEALS BUILDING
56 Forsyth Street, N.W.
Atlanta, Georgia 30303

David J. Smith
Clerk of Court

For rules and forms visit
www.ca11.uscourts.gov

June 09, 2017

MEMORANDUM TO COUNSEL OR PARTIES

Appeal Number: 16-16310-AA
Case Style: Deborah Malivuk v. Ameripark, LLC
District Court Docket No: 1:15-cv-02570-WSD

**This Court requires all counsel to file documents electronically using the Electronic Case Files ("ECF")
system, unless exempted for good cause.** Enclosed is a copy of the court's decision filed today in this appeal.
Judgment has this day been entered pursuant to FRAP 36. The court's mandate will issue at a later date in
accordance with FRAP 41(b).

The time for filing a petition for rehearing is governed by 11th Cir. R. 40-3, and the time for filing a petition for
rehearing en banc is governed by 11th Cir. R. 35-2. Except as otherwise provided by FRAP 25(a) for inmate filings,
a petition for rehearing or for rehearing en banc is timely only if received in the clerk's office within the time
specified in the rules. Costs are governed by FRAP 39 and 11th Cir.R. 39-1. The timing, format, and content of a
motion for attorney's fees and an objection thereto is governed by 11th Cir. R. 39-2 and 39-3.

Please note that a petition for rehearing en banc must include in the Certificate of Interested Persons a complete list
of all persons and entities listed on all certificates previously filed by any party in the appeal. See 11th Cir. R. 26.1-
1. In addition, a copy of the opinion sought to be reheard must be included in any petition for rehearing or petition
for rehearing en banc. See 11th Cir. R. 35-5(k) and 40-1 .

Counsel appointed under the Criminal Justice Act (CJA) must submit a voucher claiming compensation for time
spent on the appeal no later than 60 days after either issuance of mandate or filing with the U.S. Supreme Court of a
petition for writ of certiorari (whichever is later) via the eVoucher system. Please contact the CJA Team at (404)
335-6167 or cja_evoucher@ca11.uscourts.gov for questions regarding CJA vouchers or the eVoucher system.

Pursuant to Fed.R.App.P. 39, costs taxed against the appellant.

The Bill of Costs form is available on the internet at www.ca11.uscourts.gov

For questions concerning the issuance of the decision of this court, please call the number referenced in the signature
block below. For all other questions, please call Tonya L. Searcy, AA at (404) 335-6180.

Sincerely,

DAVID J. SMITH, Clerk of Court

Reply to: Djuanna Clark
Phone #: 404-335-6161

OPIN-1A Issuance of Opinion With Costs